ORDERED.

Dated: May 10, 2018

*Arthur B. Briskman*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE:<br><br>**SYNOBIA D FELTON**<br><br><br>**Debtor** | Case No:    6:17-bk-06426-ABB<br><br><br>Chapter 13 |

### ORDER CONFIRMING PLAN

THIS CASE came on for a hearing on May 09, 2018 following the transmittal of Debtor's Chapter 13 plan (the "Plan," Docket No. 36 reference to which shall include any subsequent amendment made by prior order, in open court during the hearing, or in this Order) to all parties in interest. Any amendment to the Plan made by Debtor or the Chapter 13 Trustee at confirmation is incorporated in this Order. The Court finds that the Plan complies with all applicable provisions of the Bankruptcy Code.

Accordingly, it is

**ORDERED:**

1.     The Plan is confirmed as set forth in this Order. If there is a discrepancy between the Plan and this

Order, this Order controls and supersedes the Plan.

2. Payments by Debtor as set forth in the attached Exhibit "A," incorporated by reference, shall be made each month by Trustee-approved electronic transfer, money order or cashier's check for 60 consecutive months commencing on November 03, 2017 to the Chapter 13 Standing Trustee, **Laurie K. Weatherford, P.O. Box 1103, Memphis, TN 38101-1103**. If Trustee has insufficient monies to make distribution under this Order, or any other Court order, the payments may be adjusted during the life of the Plan without further order of this Court.

3. Debtor is prohibited from incurring any non-ordinary course post-confirmation debt during the term of this Plan without prior approval of the Court or the Trustee.

4. All claims, including Debtor's attorney's fees, are allowed or disallowed as set forth in Exhibit "A" attached hereto and by reference made a part hereof. Any party in interest may, within 21 days of the date of this Order, request the Court to examine the fees to be paid to Debtor's attorney.

5. The Trustee will collect from each payment received his/her percentage fee, which percentage fee is fixed periodically by the United States Trustee. If the Trustee's actual fee is less than provided for in the Plan, any unused portion of the fee may fund the Plan or to increase the distribution to unsecured creditors.

6. Distributions by the Trustee may commence and continue monthly to pay allowed claims on attached Exhibit "A" or as subsequently provided for in an amended Exhibit "A" or Court order. The Trustee may disburse partial payments based on the availability of funds. The Trustee may distribute partial Plan payments to creditors in their order of priority based upon the availability of funds.

7. The procedure for treatment of mortgage payment changes and escrow account adjustments during the life of the Plan shall be governed by Rule 3002.1(b).

8. If a Notice of Payment Change is filed and served, the Trustee may take the following action:

(a) If the new payment is *less* than the current payment, the Trustee may reduce the payment to the creditor under the notice and apply the difference to increase the distribution to unsecured creditors; or

(b) If the new payment is *greater* than the current payment, the Trustee may compute the additional sum Debtor must pay and notify Debtor and Debtor's attorney of the new monthly payment amount. The payment to the creditor will be adjusted accordingly.

The foregoing provisions are a modification to the Plan, which is deemed requested by the Trustee as provided in Section 1329. Notice and hearing are waived because no creditor will be adversely affected by such change.

9. Provisions for both prepetition and postpetition arrearages, if any, on allowed secured claims are included in the Plan. After the completion of all payments under the Plan and the entry of a discharge of Debtor, the delinquencies on mortgages and security interests related to such claims will be deemed cured and their contractual maturities reinstated. Any postpetition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon completing the Plan, unless specifically provided for in this Order, or allowed pursuant a notice provided under Rule 3002.1(c) before completing Plan payments.

10. The automatic stay was terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to any secured creditor or lessor for which the Plan provided (a) for the surrender of collateral or leased property to the secured creditor or lessor, or (b) for Debtor to make payments directly to the secured creditor or lessor, (c) that Debtor does not intend to make payments while preserving state law contract rights and defenses, or (d) for which no provision was made in the Plan. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to any secured creditor or lessor not provided for in this Order.

11. The holders of allowed secured claims provided for in the Plan shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section

1328. If the case is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

12. If the bar date to file proofs of claim has not yet expired, Debtor shall have 28 days following the expiration of the claims bar date to object to any filed claim which has not already been provided for in this Order.

13. Any claim or amended claim filed after the claims bar date, other than a claim filed by Debtor or the Trustee under Rule 3004, shall be disallowed and receive no distribution unless an order is entered allowing such untimely filed claim or is provided for in Exhibit "A" of this Order.

14. If any timely filed claim is not already provided for in this Order, Debtor (through counsel, if any) shall timely file an appropriate motion to modify the confirmed Plan and any objection to claims or motions to value claims. The Trustee shall review the claims register after all bar dates have passed and may file a motion to dismiss if Debtor fails to timely take appropriate action to address all filed claims.

15. The Trustee shall hold all funds payable to general unsecured creditors for at least 30 days after the bar date for filing claims has passed, and the Trustee may continue to hold all such funds until all objections to claims have been resolved.

16. If Debtor files a notice of conversion of this case to a Chapter 7 or the Court orders the conversion of this case to a Chapter 11 or the dismissal of this case, any undistributed funds in the Trustee's possession on the date of conversion or dismissal shall be payable to Debtor and, if Debtor is represented by counsel, mailed to Debtor in care of Debtor's attorney.

17. Unless otherwise provided for in this Order or any other order of this Court, Debtor is responsible for paying all postpetition ongoing homeowners' assessments, homeowners' dues, and property taxes that are related to real property being retained by Debtor under the Plan, and the automatic stay shall not apply to these postpetition

claims.

18. Debtor is responsible for paying any domestic support obligation that first becomes payable after the petition date.

19. Any objections to confirmation of the Plan are deemed withdrawn and/or overruled by entry of this Order.

20. Upon completion of all payments under the Plan, Debtor shall promptly file a declaration under penalty of perjury or affidavit that (a) lists all domestic support obligations and whether such obligations are current or file a certificate stating that Debtor is not required to pay a domestic support obligation, and (b) states that § 522(q)(l) is not applicable and that no proceeding is pending in which Debtor could be found guilty of an offense listed in § 522(q)(l) or liable for a debt of the kind listed in § 522(q)(1)(B).

21. Debtor shall complete the personal financial management course required by §1328(g)(1) and file a completion certificate within 90 days of the entry of this Order.

22. The Court will withhold entry of a discharge until Debtor complies with Paragraphs 20 and 21.

23. This case is not subject to § 521(i)(l).

24. During the pendency of the Chapter 13 case, Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall, within 14 days of filing the return, provide the Trustee with a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s.

25. Unless otherwise consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments for distribution to allowed general unsecured creditors.

Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend no tax refunds without first having obtained the Trustee's consent or court approval.**

26.   Any discharge entered in this case shall not discharge Debtor's liability on a federally guaranteed student loan unless the Court specifically finds that repayment of the debt would cause an undue hardship to Debtor or Debtor's dependents under § 523(a)(8).

27.   To the extent this Order contains any modified term or condition not timely noticed to the parties, any party may seek reconsideration of this Order within 14 days of its entry by separate motion.

28.   Debtor is under a continuing duty to disclose any changes in financial circumstances and new assets or potential rights to assets that Debtor acquires post-petition by promptly filing amended schedules with the Court. Any failure to disclose changes in financial circumstances or assets by filing amended schedules may result in dismissal of the case or denial of Debtor's discharge.

29.   If a claim is withdrawn by a creditor or the creditor files a satisfaction of the debt or claim, the Trustee, at the Trustee's discretion, may elect to seek recovery of funds already disbursed or to take no action regarding funds already disbursed to that creditor. The Trustee also may discontinue any further disbursements if a claim is withdrawn by a creditor. Any disbursements made under this Order on account of a claim that is subsequently withdrawn or for which the Trustee receives a satisfaction of claim are deemed authorized disbursements, and the Trustee shall have no liability for these disbursements.

Trustee **Laurie K. Weatherford** is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

## APPENDIX

### State Taxes

### Sales Taxes and Unemployment Taxes.

**Mail reports and payments to:**

State of Florida - Department of Revenue
Office of General Counsel/Bankruptcy Section P.O. Box 6668
Tallahassee, FL 32314-6668

### Federal Taxes

Federal tax deposits of social security taxes (employer and employee shares) and withholding taxes are to be made within three banking days after each payroll is made. Deposits are to be made in a Federal Reserve Bank or a commercial bank authorized to accept federal tax deposits. Deposits are to be made by cashier's or certified check and be accompanied by Form 8109, Federal Tax Deposit Withheld Income and FICA Taxes. If Form 8109 is not available, deposits are to be mailed within the time prescribed or deposits to the address indicated below. If you pay amounts with Form 941 that should have been deposited, you may be subject to penalty. See Deposit Penalties in Section 11 of Pub. 15 (Circular E).

Mail original returns prepetition (prior to confirmation) to the appropriate district office listed below according to the county listed in the bankruptcy petition as Debtor's residence or place of operating business.

If any taxes are due on the prepetition returns, they should be included in the Plan (paid through the Trustee) and the IRS should be noticed at the Philadelphia address regarding the bankruptcy

<u>Jacksonville District</u>
Internal Revenue Service
**Attn: Insolvency, Stop 5720**
400 W. Bay Street, Suite 35045
Jacksonville, FL 32202

<u>Ft. Lauderdale District</u>
Internal Revenue Service
**Attn: Insolvency, Stop 5730**
P.O. Box 17167
Ft. Lauderdale, FL 33318

**Mailing of original returns postpetition (after confirmation) and/or payments for those returns should be sent to the regularly scheduled address as listed by the IRS on your filing information.**

**Exhibit "A"**

| Claim Nbr. | | Claim Type | Claim Amount | Claim Allowed | Notes | Monthly Payments | |
|---|---|---|---|---|---|---|---|
| AT | John Andrew Braithwaite | Attorney Fee | $0.00 | $0.00 | | | |
| 001 | Brevard County Tax Collector | Secured | $874.38 | $0.00 | ( 1) | | |
| 002 | Portfolio Recovery Associates, Llc | General Unsecured | $501.62 | $501.62 | | 1-60/ | Pro Rata |
| 003 | Verizon By American Infosource, Lp / | General Unsecured | $252.66 | $252.66 | | 1-60/ | Pro Rata |
| 004 | Bsi Financial Services | Ongoing Mortgage | $100,647.13 | $0.00 | ( 2) | | |
| | | | | | | 01-60/ | $660.32 |
| 104 | Bsi Financial Services | Mortgage Arrears | $28,885.50 | $28,885.50 | | | |
| | | | | | | 01-03/ | $0.00 |
| | | | | | | 04-04/ | $92.56 |
| | | | | | | 05-06/ | $541.87 |
| | | | | | | 07-59/ | $513.28 |
| | | | | | | 60-60/ | $505.36 |
| 204 | Bsi Financial Services | Gap Pay | $1,320.64 | $1,320.64 | ( 3) | | |
| | | | | | | 01-01/ | $541.87 |
| | | | | | | 02-02/ | $118.45 |
| | | | | | | 03-03/ | $211.01 |
| | | | | | | 04-04/ | $449.31 |

Note ( 1)   CLAIM REPRESENTS 2017 PROPERTY TAX ON DEBTOR'S HOMESTEAD. THIS CLAIM WILL BE PAID OUTSIDE PLAN
            WHEN DUE.
Note ( 2)   PRINCIPAL DUE AMOUNT PURSUANT TO FILING OF PROOF OF CLAIM IS $100,647.13.
Note ( 3)   THIS CLAIM REPRESENTS TWO GAP PAYMENTS.

**Debtor Payments to the Trustee**

| Months | Amount |
|---|---|
| 1-6 | $1,335.77 |
| 7-59 | $1,304.00 |
| 60-60 | $1,295.53 |

NOTICE TO ALL CREDITORS LISTED ABOVE: In an effort to disburse all funds held by the trustee on a monthly basis, it is possible that you may on occasion receive partial payment. However, the Claim Allowed by this Court will be paid in full by the end of the debtor's Plan. All undesignated funds will be distributed to unsecured creditors with timely filed proofs of claim.

THE TRUSTEE SHALL PROVIDE TO THE COURT an amended confirmation order after all unsecured claim issues are resolved, if necessary. There will be no distribution to unsecured creditors listed on Exhibit A, attached hereto, for 90 days following the date of this Order.

IF MORTGAGE MEDIATION HAS BEEN ORDERED, the debtor and the creditor are directed to comply with the terms of the mortgage mediation modification order. The Trustee is authorized to disburse to the mediator the mediation fee upon the mediator filing a notice

This plan is confirmed as a 100% plan pursuant to 11 USC 1325(b)(1)(A). Any future modification under USC 1329(a)(1) to decrease the distribution to the unsecured class will require retroactive compliance with USC 1325(b)(1)(B).